UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARGURIETE JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-535-RLB** |
| **WAL-MART STORES, INC., ET AL** | **CONSENT CASE** |

### RULING

Before the Court is a Motion for Summary Judgment filed by Defendant Wal-Mart Stores, Inc. on May 21, 2014. (R. Doc. 17).[1] Defendant filed a Supplemental Memorandum (R. Doc. 19), to submit excerpts from Plaintiff's deposition transcript identified in Defendant's original memorandum (R. Doc. 19-1, "Johnson Dep."). Plaintiff sought (R. Doc. 21, 23) and was granted leave on August 6, 2014 (R. Doc. 24) to file her Opposition (R. Doc. 26) beyond the deadlines prescribed by the Court's Local Rules and the Federal Rules of Civil Procedure. Defendant filed a Reply on August 22, 2014. (R. Doc. 32).

In addition to supporting memoranda, Local Rule 56.1 requires a Motion for Summary Judgment to "be accompanied by a separate, short and concise statement of the material facts" that the movant contends are undisputed. Likewise, a party opposing summary judgment must also include, along with her opposition, "a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." LR 56.2. If the opposing party fails to do so, all of the undisputed material facts set forth in the moving party's statement "will be

---

[1] The parties consented to conduct all proceedings before the United States Magistrate Judge (R. Doc. 15). *See* 28 U.S.C. § 636(c)(1) ("Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . .").

deemed admitted, for purposes of the motion, unless controverted as required by this rule." Here, Defendant filed a Statement of Uncontested Material Facts (R. Doc. 17-2) along with its Motion for Summary Judgment, and Plaintiff filed a Statement of Contested Facts along with her Opposition (R. Doc. 26 at 6).

Having allowed the parties to fully brief the substantive issues, and having considered their arguments, the record and the applicable law, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## I. BACKGROUND

In this personal injury action, Plaintiff Marguriete Johnson alleges injuries and damages sustained after she slipped and fell on a liquid substance at Defendant's store located on O'Neal Lane in Baton Rouge, Louisiana, on July 10, 2012. (R. Doc. 1-1 at 1).[2] In her deposition, Plaintiff testified that she slipped and fell just after she entered the register line for the self-checkout area, and prior to placing her items on the shelf. (R. Doc. 17-1 at 1-2; Johnson Dep. at 48). Plaintiff testified that she slipped on a "big puddle" of "clear water" that measured "several feet" in circumference and "was all around the register." (R. Doc. 17-1 at 2; Johnson Dep. at 58). Plaintiff testified that she did not know the source of the water. (R. Doc. 17-1 at 2; Johnson Dep. at 58). Plaintiff testified that she observed no track marks or buggy marks through the water. (R. Doc. 17-1 at 2; Johnson Dep. at 58). Plaintiff testified that she had no information suggesting how the water came to be on the floor, whether a Wal-Mart employee caused it to be on the floor, how long the water was on the floor before her slip, or whether a Wal-Mart employee was aware the water was on the floor prior to the slip. (R. Doc. 17-1 at 2; Johnson

---

[2] Plaintiff filed this action on July 9, 2013, in the 19th Judicial District Court in East Baton Rouge Parish, Louisiana. (R. Doc. 1-1). Defendant timely removed the action based on diversity jurisdiction on August 15, 2013. (R. Doc. 1).

2

Dep. at 60-61). Plaintiff testified that after her spill someone mopped up the water. (Johnson Dep. at 60).

Based on the foregoing testimony, Defendant argues that Plaintiff cannot establish that it had actual or constructive notice of the liquid on the floor prior to the slip and fall. (R. Doc. 17-1 at 6-9). Because Plaintiff cannot establish the element of actual or constructive notice, Defendant requests the Court to grant summary judgment in its favor.

In opposition, Plaintiff argues that summary judgment is inappropriate because "the evidence provides a reasonable factual basis that the wet floor created an unreasonable risk of harm for the plaintiff." (R. Doc. 26 at 4). Plaintiff suggests that Defendant had actual or constructive notice of the spill because (1) the Plaintiff's fall was "at or near the self service register which is used by many customers in a store with the high volume as Wal-Mart" and (2) Defendant "has photos of the scene and surveillance video that shows the accident and the purpose of the surveillance is for this particular purpose, to keep the isles and floor clear of any unreasonable risk and danger to its patrons." (R. Doc. 26 at 4). Plaintiff alleges that the following are contested facts:

> 1. Defendant Wal-Mart either created or had constructive notice of the spill which caused the damage prior to the occurrence.
>
> 2. Defendant's surveillance video will indicate that Wal-Mart knew or should have known of the spill on the floor because the video is used to ensure that the aisles are safe for its patrons.
>
> 3. Photographs of the scene in possession of the defendant Wal-Mart will show that the condition of the aisle was unsafe for patrons and it failed to remedy the condition.
>
> 4. Defendant has provided no evidence nor affidavit that it did not have constructive notice and that [it] did not know a substance was on the floor.

3

(R. Doc. 26 at 6). Plaintiff has not submitted any evidence in support of her opposition to summary judgment.

## II.     SUMMARY JUDGEMENT STANDARD

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of its pleadings, but rather must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, summary judgment must be entered against the plaintiff, on a properly supported defense motion, if the plaintiff fails to make an evidentiary showing in its opposition to the motion sufficient to establish the existence of an element essential to its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Without a showing sufficient to establish the existence of an element essential to the plaintiff's claim, there can be "no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all facts immaterial." *Celotex Corp.*, 477 U.S. at 323 (quotations omitted).

## III.    DISCUSSION

Because the Court's subject matter jurisdiction is based on diversity, Louisiana substantive law applies. *Erie R. Co. v. Thompkins*, 304 U.S. 64, 78-80 (1938).

Louisiana Revised Statute 9:2800.6 governs negligence claims brought against a merchant when a customer falls on a merchant's premises. *See Davis v. Wal-Mart Stores, Inc.*, 774 So. 2d 84, 90 (La. 2000). The statue provides in pertinent part as follows:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> C. Definitions:
>
> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6(B)(1)-(3), (C).[3]

Defendant urges the Court to grant summary judgment because Plaintiff has not presented evidence of a genuine issue of material fact sufficient to show that Defendant had actual or constructive notice of the condition which caused the damage prior to the occurrence.[4] The Court agrees.

---

[3] There is no dispute between the parties that Louisiana Revised Statute 9:2800.6 applies to Plaintiff's claims.

[4] There is no allegation that Wal-Mart created the hazardous condition which caused the damage. Therefore, liability can only be found upon actual or constructive notice.

A.  **Actual Notice**

Actual notice requires some showing by the plaintiff that the defendant actually witnessed the hazardous condition/event, or at least some showing of actual knowledge of a routine and expected dangerous condition at a certain location. *See Blackman v. Brookshire Grocery Co.*, 966 So. 2d 1185, 1190-91 (La. App. 3d Cir. 2007) (defendant had actual notice of spill where fall occurred over 3 minutes after a customer "noticed the spill, [and] walked to the front of the store to report it to management").

Here, Plaintiff has not presented any evidence that Wal-Mart's management or any of its employees had actual notice of the spill. Plaintiff testified that she had no information suggesting that a Wal-Mart employee caused the liquid to be on the floor or that a Wal-Mart employee was aware the liquid substance was on the floor prior to the slip. (Johnson Dep. at 60-61). Plaintiff asserts, without submitting any evidence in support of the assertions, that "Defendant's surveillance video will indicate that Wal-Mart knew . . . of the spill on the floor." (R. Doc. 26 at 6). Plaintiff has not provided for the Court's review any surveillance video recording the spill or showing that Wal-Mart employees witnessed the spill or became aware of the spill prior to Plaintiff's slip and fall. That Wal-Mart employees may have been in the area of the spill prior to Plaintiff's fall is insufficient to establish that they had actual notice absent evidence that the employees actually saw the spill prior to the slip and fall. *Davis v. Target Corp. of Minn.*, No. 11-0802, 2012 WL 3158875, at *3 (E.D. La. Aug. 3, 2012) (video of employees in the area of the spill prior to plaintiff's fall was insufficient evidence of actual notice to survive summary judgment because video did not show employees actually see the spill).

Because she has not demonstrated that there is a genuine issue of material fact regarding Wal-Mart's actual notice of the spill, Plaintiff must show an issue of material fact concerning Wal-Mart's constructive notice to survive summary judgment.

B.  **Constructive Notice**

"Constructive notice" means the plaintiff has proven "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. Rev. Stat. § 9:2800.6(C)(1). The phrase "such a period of time" constitutes a temporal element that must be shown by the plaintiff. *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997); *see also Babin v. Winn-Dixie Louisiana, Inc.*, 764 So. 2d 37, 40 (La. 2000); *Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188, 1190 (La. 1999). Although a bright line rule establishing a minimum time period does not exist, "[w]hether the period of time is sufficiently lengthy . . . is necessarily a fact question." *Kennedy*, 733 So. 2d at 1190.

"The statute does not allow for the inference of constructive notice absent some showing of this temporal element." *White*, 699 So. 2d at 1084. Therefore, it logically follows that the mere "presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice." La. Rev. Stat. § 9:2800.8(C)(1). While this temporal element "is not an impossible burden," a plaintiff who merely "shows that the condition existed, without an additional showing that it existed for some time," has failed to carry it. *Kennedy*, 733 So. 2d at 1191.

After examining the record, the Court finds the evidence presented to the Court is insufficient to show the condition existed for such a period of time to establish constructive notice. Plaintiff testified that she did not know the source of the liquid substance. (R. Doc. 17-1 at 2; Johnson Dep. at 58). Plaintiff testified that she had no information suggesting how the

7

liquid substance came to be on the floor, whether a Wal-Mart employee caused it to be on the floor, how long the liquid substance was on the floor before her slip, or whether a Wal-Mart employee was aware the liquid substance was on the floor prior to the slip. (R. Doc. 17-1 at 2; Johnson Dep. at 60-61). Based on this testimony, Plaintiff cannot demonstrate that the spill existed for a sufficient period of time for Defendant to be put on constructive notice of the spill. *See Martin v. The Kroger Company*, 273 F.3d 1099 (5th Cir. 2001) (plaintiff failed to show condition existed for a sufficient period of time where she admitted she had "no idea" how the hazardous condition got on the floor, or how long it was on the floor before she fell).

     Plaintiff presents no evidence that that the spill was in the line of sight of an employee of Defendant. In her Petition, Plaintiff alleges that she "was walking to the self-checkout lane" when she slipped and fell. (R. Doc. 1-1 at 1, Petition ¶ 3). Plaintiff has failed to provide any evidence that an employee of Defendant was at or near the self-checkout lane and could have seen the spill at the self-checkout register. Plaintiff's failure to testify that an employee of Defendant could have seen the spill on the floor supports a finding that Wal-Mart did not have constructive notice of the spill. *See White*, 699 So. 2d at 1085 n.5 (noting that plaintiff did not testify that an employee of the defendant could have seen the spill or the floor where the spill occured in support of its finding that defendant did not have constructive notice of the spill).

     Moreover, Plaintiff presents no evidence regarding the condition of the puddle that would indicate it existed on the floor for some period of time — "i.e., that areas of the spill had dried, that there were shopping cart tracks or footprints in the liquid or that the liquid was dirty, evidencing earlier traffic, etc." *Allen v. Wal-Mart Stores, Inc.*, 850 So. 2d 895, 898 (La. App. 2d Cir. 2003). Plaintiff testified that the liquid substance she slipped on was "clear" water. (Johnson Dep. at 58). Plaintiff testified that she observed no track marks or buggy marks

8

through the liquid substance. (Johnson Dep. at 58). This testimony supports a finding that Wal-Mart did not have constructive notice of the spill.

Plaintiff also testified, however, that the water was in a "big puddle" that measured "several feet" in circumference and "was all around the register." (Johnson Dep. at 58). Even though Plaintiff's testimony suggests the puddle was large in size, the Court cannot find a genuine issue of material fact regarding the length of time the puddle existed absent any track marks or buggy marks in the puddle, or evidence of the origin of the spill. *Compare Allen*, 850 So. 2d at 898 (evidence that liquid was "spread across six to seven feet of floor," without additional evidence of the "method and origin of the spill" was insufficient to survive summary judgment), *with Bagley v. Albertsons, Inc.*, 492 F.3d 328, 331 (5th Cir. 2007) (evidence that spill had originated from shopper's cart that had time to clear the aisle and "covered a significant area extending through the aisle and into an adjourning back aisle" precluded summary judgment), *and Broussard v. Wal-Mart Stores, Inc.*, 741 So. 2d 65, 69 (La. Ap. 3d Cir. 1999) (evidence indicating "spill was elongated, not uniform, and cover[ed] approximately three to four tiles, suggesting it had spread over a period of time," when "combined with the other circumstantial evidence" was sufficient to establish constructive notice). Plaintiff's testimony regarding the size of the spill, without any specific evidence suggesting that the spill spread over the ground over a significant period of time, is insufficient to establish a genuine issue of material fact regarding whether Defendant had constructive notice of the spill prior to Plaintiff's fall.

Finally, Plaintiff's description of that the surveillance video "will indicate" (R. Doc. 26 at 6) is simply conclusory and is insufficient to establish a genuine issue of material fact regarding the length of time the liquid was on the floor. *See Courville v. Target Corp. of Minn.*, 232 Fed. App'x. 389, 391 (5th Cir. 2007) (dispositive question is whether a plaintiff has "raised a fact

issue regarding whether the liquid substance on the floor existed for a period of time sufficient to give rise to constructive notice"). Plaintiff has not explained the duration, quality, or content of any video surveillance that has been obtained in discovery. Plaintiff does not assert whether the surveillance video demonstrates the origin of the spill or the time the spill occurred. Plaintiff has not provided a copy of any surveillance video to the Court, and it is not clear if Plaintiff or her attorney has even viewed any specific video or is simply referring to surveillance footage in general. Likewise, Plaintiff has not explained how certain "photographs" of the aisle can establish constructive notice of the spill. Fatally absent from Plaintiff's description of the video and photographs— which were not provided to the Court — is any allegation that it actually shows the puddle of liquid on the floor and/or any Wal-Mart employee nearby prior to the spill.

"[M]ere speculation or suggestion is not enough to meet the [plaintiff's] stringent burden" and avoid summary judgment. *Allen*, 850 So. 2d at 898. For example, in *Kennedy v. Wal-Mart Stores, Inc.*, despite the plaintiff's evidence "that the general area where he fell was within view of a customer service podium and that it was raining" the court found for the defendant because the "plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident." *Kennedy*, 733 So. 2d at 1191. Similarly, in *Babin v. Winn-Dixie, Inc.*, the lower court "speculated that [the] plaintiff could show there was a possibility the boxes had been on the floor for some period of time, and that Winn-Dixie's employee was negligent in failing to observe them." *Babin*, 764 So. 2d at 40. The lower court relied on the plaintiff's evidence that the store "aisle . . . was not inspected for at least ten minutes before he fell" and "on his own deposition testimony that he did not see any Winn-Dixie employees in the area." *Id.* at 40 n.4. On appeal, the Louisiana Supreme Court reversed, explaining that mere "speculation falls short" of satisfying the constructive notice element of the

claim. *Id.* at 40. According to the court, none of the plaintiff's "evidence constitutes factual support sufficient to establish that . . . the toothpick boxes had been on the floor for some period of time." *Id.* at 40 n.4.

Accordingly, Defendant has appropriately set forth the absence of factual support for an essential element of Plaintiff's claim – the actual or constructive notice element. Plaintiff has failed to offer evidence to indicate that a genuine issue of material fact remains with respect to this element. Therefore, summary judgment is appropriate in this case.

## IV. CONCLUSION

Accordingly, for the reasons assigned, Defendant's motion for summary judgment (R. Doc. 17) is **GRANTED**, and this matter is **DISMISSED**, with prejudice.

Signed in Baton Rouge, Louisiana, on December 23, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**